IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, *Plaintiff*, v. NCL CORPORATION LTD., *Defendant*. | C.A. No. _____ DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Symbology Innovations, LLC ("Symbology" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against NCL Corporation Ltd. ("Norwegian Cruise Line," "Norwegian," or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,424,752, titled "System and method for presenting information about an object on a portable electronic device" (the "'752 Patent"), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Symbology Innovations, LLC is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

4. On information and belief, Defendant NCL Corporation Ltd. is headquartered at 7665 Corporate Center Drive, Miami, FL 33126 and may be served via its registered agent Daniel S. Farkas at 7665 Corporate Center Drive, Miami, FL 33126.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Florida and the Southern District of Florida; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and this district; (3) Defendant has sought protection and benefit from the laws of the State of Florida; and (4) Defendant regularly conducts business within the State of Florida and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this district.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Florida, and this district including but not limited to the products which contain the infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Florida and in this district; Defendant solicits and has solicited customers in the State of Florida and in this district; and Defendant has paying customers that are residents of the State of Florida and this district and that use and have used Defendant's products and services in the State of Florida and in this district.

8. Venue is proper in the Southern District of Southern Florida pursuant to 28 U.S.C. §§ 1400(b). Defendant is headquartered in this district, has a regular and established place of business in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. The Patent-in-Suit teaches systems and methods for enabling a portable electronic device (e.g., smartphone) to retrieve information about an object when the object's symbology (e.g. QR code) is detected.

10. The invention disclosed in the Patent-in-Suit discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components.

## ACCUSED PRODUCTS

11. Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to certain products and services implementing QR code functionality as described in the Patent-in-Suit (collectively, the "Accused Products").

## COUNT I
### (Direct Infringement of U.S. Patent No. 8,424,752)

12. Plaintiff incorporates by reference the allegations of paragraphs 1-11, the same as if set forth herein.

13. The '752 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. The '752 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

14. Plaintiff is the owner by assignment of the '752 Patent and possesses all rights of recovery under the '752 Patent, including the exclusive right enforce the '752 Patent and pursue lawsuits against infringers.

15. Without a license or permission from Symbology, Defendant has infringed and continues to infringe on one or more claims of the '752 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '752 systems and methods, in violation of 35 U.S.C. § 271.

16. Defendant has been and now is directly infringing by, among other things,

practicing all of the steps of the '752 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006). For instance, Defendant has directly infringed the Patent-in-Suit by testing, configuring, and troubleshooting the functionality of QR codes on its products and services.

17.  By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '752 Patent, including at least Claim 1. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of claim 1 of the Patent-in-Suit.

## JURY DEMAND

18.  Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## REQUEST FOR RELIEF

19.  Symbology incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)  enter a judgment that Defendant has directly infringed one or more claims of each of the '752 Patent either literally and/or under the doctrine of equivalents;

(b)  enter a judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

(c)  enter a judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(d)  award Symbology all other relief that the Court may deem just and proper.

Dated: April 20, 2020                                  Respectfully submitted,

/s/ *Howard L. Wernow*
HOWARD L. WERNOW, B.C.S.
FLORIDA BAR NO. 0107560
SAND, SEBOLT & WERNOW CO., LPA
AEGIS TOWER - SUITE 1100
4940 MUNSON STREET, N. W.
CANTON, OHIO 44718
PHONE: 330-244-1174
FAX: 330-244-1173
HOWARD.WERNOW@SSWIP.COM

*BOARD CERTIFIED IN INTELLECTUAL PROPERTY LAW BY THE FLORIDA BAR*

**Attorney for Plaintiff**
**Symbology Innovations, LLC**